```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JESSORE MANAGEMENT SA,                          :

                Plaintiff,                      :

        -against-                               :       ORDER

BRIT SYNDICATE 2987 A/K/A BRIT UW               :       20-CV-5849 (AT) (KNF)
LIMITED; LLOYD'S SYNDICATE 2007
A/K/A AXIS CORPORATE CAPITAL UK                 :
II LIMITED; LLOYD'S SYNDICATE 1945
A/K/A SIRIUS INTERNATIONAL SYNDICATE            :
1945 AT LLOYD'S; LLOYD' SYNDICATE 4141
A/K/A HCC SYNDICATE 4141 AT LLOYD'S;            :
LLOYD'S SYNDICATE 2001 A/K/A MS AMLIN
CORPORATE MEMBER LIMITED and ALL                :
LLOYD'S UNDERWRITERS AS PER LINESLIP
B0901LH1722304000,                              :

                Defendants.                     :
------------------------------------------------------------X
```
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

By a letter-motion dated March 2, 2021, the plaintiff requested

a pre-motion conference to compel defendants, Brit Syndicate 2987 and the other four named Lloyd's underwriting syndicates ("Defendants"), to produce documents and information pursuant to Plaintiff's discovery requests. Defendants have failed to comply with requests to meet and confer concerning its objections to Plaintiff's First-Requests for Document Production; and have also ignored repeated requests for responses to interrogatories, preventing and delaying the scheduling of key fact witnesses. . . . With the end of fact discovery fast approaching, Plaintiff respectfully requests: (1) the Court's intervention to compel Defendants to cooperate fully and diligently in the discovery process, including, to promptly and adequately respond to Plaintiff's discovery requests; and (2) an extension of the time in which to complete discovery, namely: (a) fact discovery, granting an additional 45 days, from March 18, to May 2, 2021; and (b) for expert discovery, granting a corresponding extension of 45-days, from May 3, 2021, to June 17, 2021.

Docket Entry No. 26.

On March 16, 2021, the Court directed the defendants to file their response to the plaintiff's March 2, 2021 letter on before March 19, 2021. Docket Entry No. 28. The defendants assert in their March 19, 2021 response:

> Plaintiff's proposed motion is warrantless in light of the substantial discovery that has been conducted since the Plaintiff filed its letter with the Court on March 2, 2021. (Dkt. 26). Throughout this litigation, Defendants have continuously participated in meaningful discovery . . . . Except as to those documents over which attorney-client privilege has been asserted or over which the attorney work product doctrine has been asserted, documents responsive to Plaintiff's document demands have been produced on a continuous and rolling basis. What we believe to be the final documents are being produced on Monday, March 22, 2021 together with Defendant's interrogatory responses. . . . As the Court is aware, under the Lloyd's Claim Scheme, decisions with respect to claims are made by the lead underwriter in consultation with the second lead underwriter. The remainder of the underwriters subscribing to the insurance policy (the "Following Market") are bound by the decision of the leads. . . . In view of the Lloyd's Claim Scheme, Defendant objected to the Interrogatories and the Demand for Documents with respect to the Following Market as unduly burdensome, duplicative and not calculated to lead to the discovery of admissible evidence. . . . [A]ll non-privileged documents responsive to Plaintiff's request will have been produced by Monday, March 22, 2021.
>
> Docket Entry No. 29

In its March 22, 2021 reply, the plaintiff asserts:

> Defendants assert that they will respond to Plaintiffs' interrogatories by March, 22, 2021, yet (subject to Plaintiff's pending request for extension), fact discovery was set to end on March 18, 2021. Regrettably, Defendants' conduct to date, bellies their claim that they will suddenly be in compliance with their discovery obligations, by March 22, 2021. . . . We are puzzled by Defendants' assertion that they have been making production "on a rolling basis". As an accommodation, Plaintiff agreed to defendants making rolling production between December 22, 2020 and January 4, 2021, of documents that had been due December 22 (following prior agreed deferrals). Until last week, following the Court's Order (Doc. 28), when Brit produced a few more documents, defendants had produced nothing since January 6, 2021. . . . We are also puzzled by Defendants statement that the Court is "aware" of the claims handling procedures under the "Lloyd's Claim Scheme", when Defendants failed to produce records of claims handling procedures and participation agreements. One of the few documents they produced last week, for the first time made reference to the "Lloyd's Claim Scheme", which we had not previously been aware of. . . . As a first step to requiring Defendants' cooperation (and assuming the Court does not determine that there can be no further delay), we

2

respectfully suggest that the Court order the Defendants' counsel to meet with us remotely and confer in a good faith effort to clarify and resolve the discovery issues; and for all counsel to report to the Court, within seven days, specifying which if any issues they have been unable to resolve and which remain to be dealt with by the Court.

Docket Entry No. 30.

The defendants did not respond to the plaintiff's assertions that "Defendants have failed to comply with requests to meet and confer concerning its objections to Plaintiff's First-Requests for Document Production; and have also ignored repeated requests for responses to interrogatories, preventing and delaying the scheduling of key fact witnesses," impliedly admitting them. The defendants' assertions that "the Court is aware, under the Lloyd's Claim Scheme, decisions with respect to claims are made by the lead underwriter in consultation with the second lead underwriter" and "the remainder of the underwriters subscribing to the insurance policy (the "Following Market") are bound by the decision of the leads," are baseless. The defendants failed to identify any order permitting their production on a rolling basis that extends beyond the discovery deadline. In their response, the defendants make citation to Rule 26(c) of the Federal Rules of Civil Procedure, without making any argument or seeking any relief in connection with it. The defendants did not respond to the plaintiff's March 2, 2021 letter by seeking a protective order and they only responded to the plaintiff's March 2, 2021 letter because they were ordered to do so by the Court. Thus, the defendants waived any opportunity to seek a protective order by failing to raise it timely with the Court.

On or before April 2, 2021, the parties are directed to: (1) meet and confer in good faith, via a video conferencing platform, such as Zoom, to attempt to resolve any remaining discovery issues; (2) file a joint letter, no longer than two pages, identifying **solely** (i) any document requests and interrogatories remaining at issue, (ii) each party's proposed solution to resolve any

3

remaining issue(s), supported by legal authority and (iii) the reason for rejecting any proposed solution, supported by legal authority. Any party's failure: (a) to meet and confer in good faith as directed by the Court; and (b) to comply with this order, will be subject to sanctions, including the harshest sanctions. The plaintiff's request for a pre-motion conference, Docket Entry No. 26, is denied.

Dated: New York, New York
       March 26, 2021

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

4